United States District Court      - Complaint -

Northern District of New York      Civil Rights Act, 42 USCA §1983

Mr. Atiq Akeem Weston [#14A2762,      Docket No.:

**Plaintiff**      (Jury Trial Requested)

      v.

Upstate C.F. Incarcerated Grievance Program Supervisor (IGPS);

Upstate C.F. Superintendent, Donald G. Uhler;

Central Office Review Committee (CORC) members;

Upstate C.F. Nurse Administrator, V. Downer;

Nys DOCCS Chief Medical Officer (CMO), John Morley;

**Defendants,**

U.S. DISTRICT COURT - N.D. OF N.Y.
F I L E D
JUN 10 2022
AT ___ O'CLOCK
John M. Domurad, Clerk - Syracuse

9:22-cv-621 LEK/ATB

The pro-se Plaintiff, Atiq Akeem Weston, complaining of the above-named Defendants, states the following facts;

42 USCA §1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, Any Citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

These proceedings is a Civil Rights action pursuant to 42 USCA §1983 complaining of Deliberate Indifference to the Plaintiffs medical needs, which injured the Plaintiff, while the defendants were acting within the scope of his/her employment and in the discharge of his/her duties.

This is a civil action seeking relief and damages to defend and protect the rights guaranteed by the Constitution of the United States of America. This action is brought pursuant to 42 USCA §1983 and this court has jurisdiction over this action pursuant to 28 USCA §1331, §1343(3)(4) and §2201.

[1 of 3]

## - PARTIES -

**PLAINTIFF:** Mr. Atiq Akeem Weston #14A2762
Upstate Correctional Facility
309 Bare Hill Road, P.O. Box 2000
Malone, New York 12953.

**DEFENDANT #1:** C. Bayne
Incarcerated Grievance Program Supervisor (IGPS)
Upstate Correctional Facility
309 Bare Hill Road, P.O. Box 2000
Malone, New York 12953.

**DEFENDANT #2:** Donald G. Uhler
Superintendent
Upstate Correctional Facility
309 Bare Hill Road, P.O. Box 2000
Malone, New York 12953.

**DEFENDANT #3:** Central Office Review Committee (CORC) members
N.Y.S. D.O.C.C.S.
1220 Washington Avenue
Albany, New York 12226

\* I need the courts assistance with retrieving the necessary Albany (NYS DOCCS) records to correctly and accurately identify the CORC employees who were directly responsible for rendering a decision on the (CORC grievance appeal (#UST-0401-22), which is the basis for these §1983 proceedings.

(2 of 3)

DEFENDANT #4: V. DONNER
NURSE ADMINISTRATOR (N.A.)
UPSTATE CORRECTIONAL FACILITY
309 BAREHILL ROAD, P.O. BOX 2000
MALONE, NEW YORK 12953.

DEFENDANT #5: JOHN MORLEY
CHIEF MEDICAL OFFICER (CMO)
N.Y.S. D.O.C.C.S.
1220 WASHINGTON AVENUE
ALBANY, NEW YORK 12226.

[ 3 OF 3 ]

United States District Court
Northern District of New York

Mr. Atiq Akeem Weston #14A2762,

                          Plaintiff,

            v.

Upstate C.F. Incarcerated Grievance Program Supervisor: C. Balne;
Upstate C.F. Superintendent: Donald G. Uhler;
Central Office Review Committee members;
Upstate C.F. Nurse Administrator: V. Donner;
N.Y.S. D.O.C.C.S. Chief Medical Officer: John Morley

                          Defendants,

— Complaint —

Civil Rights Act, 42 USCA §1983

Docket No.: _____

(Jury Trial Requested)


# MEMORANDUM OF LAW


x   _Atiq Akeem Weston_

Mr. Atiq Akeem Weston #14A2762
Upstate Correctional Facility
309 Barehill Road, P.O. Box 2000
Malone, New York 12953.

# - Table of Contents -

Statement of Facts — — — — — — — — — — — — — — page #1 - #16

Point I — — — — — — — — — — — — — — — — page #17 - #23

      The Plaintiff's Constitutional Rights to be free from
      Cruel & Unusual punishments were Violated by
      Defendants Deliberate Indifference to Plaintiff's
      Serious Medical Needs.

Defendants are Liable for the Violations of Plaintiff's Constitutional Rights — page #24 - #29

Defendants are not Entitled to Qualified Immunity — — — page #30 - #31

Damages — — — — — — — — — — — — — — — — page #31 - #36

Table of Exhibits.

## - STATEMENT OF FACTS -

THESE PROCEEDINGS, PURSUANT TO 42 USCA §1983, STEMS FROM THE DEFENDANTS DELIBERATE INDIFFERENCE TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS. THE DEFENDANTS MEDICAL NEGLIGENCE NOT ONLY DEPRIVED THE PLAINTIFF OF DUE PROCESS OF LAW. (U.S. CONST. 14TH AMEND.; N.Y.S. CONST. ART. I, §6) BUT SUBJECTED HIM TO CRUEL & UNUSUAL PUNISHMENT (U.S. CONST. 8TH AMEND.; N.Y.S. CONST. ART. I, §6) THROUGH THE NEGLIGENT DEPRIVATION OF HIS MEDICAL NEEDS.

AS A PRELIMINARY MATTER, THE PLAINTIFF HAS BEEN EXPERIENCING SERIOUS MEDICAL CONDITIONS, OVER THE SPAN OF 2 YEARS, THAT HAVE BEEN WORSENING OVER TIME DUE TO BEING UNTREATED.    THESE MEDICAL CONCERNS ARE IN RELATION TO 1.) VERY BAD HEADACHES (MIGRAINES) TO WHERE I FEEL INTENSE PRESSURE IN MY HEAD, 2.) DAILY DIZZINESS, AND 3.) WORSENING AND DETERIORATING NERVE DAMAGE TO WHERE I NOW FEEL TREMORS (SHAKING) IN THE NERVES WITHIN MY HEAD, CHEST & STOMACH ON A DAILY BASIS.

THESE SERIOUS MEDICAL CONDITIONS HAVE BEEN OUTRIGHT NEGLECTED BY EVERY N.Y.S. D.O.C.C.S. FACILITY THAT I'VE BEEN LOCATED WITHIN. THE ONLY TIME THAT ANY OF MY SYMPTOMS HAVE BEEN SOMEWHAT ADDRESSED WAS AT THE SHAWANGUNK C.F. WHERE I RECEIVED APPROXIMATELY THREE (3) MONTHS OF PHYSICAL THERAPY ON MY HANDS IN DECEMBER 2020 - APRIL 2021, AND AT THE SOUTHPORT C.F. ON 07/06/21 WHERE I WAS PLACED ON A MEDICAL TRIP TO ELMIRA C.F. WHERE I RECEIVED A NERVE CONDUCTION TEST ON BOTH OF MY HANDS WHERE DEVELOPING NERVE DAMAGE WAS DETECTED [SEE, EXHIBIT #1 - 07/06/21 NERVE CONDUCTION TEST RESULTS, 5 PAGES]. NO FURTHER TREATMENT WAS GIVEN.

[ 1 OF 36 ]

No physical THERAPY. No CORTISONESHOTS, No NOTHING, BESIDES THE PRESCRIBING OF ANTI-INFLAMMATORY medications (NABUMETONE [500mgtab]) THAT IVE REPEATEDLY NOTIFIED MEDICAL THAT IT does ABSOLUTELY NOTHING TO ALLEVIATE THE SYMPTOMS OF PAIN AND discomfort. *AT NO POINT, HAVE I EVER RECEIVED ANY MEDICAL SCANS (MRI or EEG) OR TESTS OF MY HEAD/BRAIN TO properly MONITOR THE CAUSE OF THE DAILY DIZZINESS, MIGRAINES or NERVE TREMORS, despite my CONTINUOUS MEDICAL "SICK CALL" COMPLAINTS.

On 11/23/21, I WAS TRANSFERRED TO THE CLINTON C.F. WHERE I RECEIVED ABSOLUTELY NO MEDICAL TREATMENT OR MEDICAL SCANS IN CONNECTION TO THE DAILY DIZZINESS, DAILY NERVE TREMORS & MIGRAINES. I WAS THEN TRANSFERRED HERE TO THE UPSTATE C.F. ON 02/15/22.

AT THIS POINT, my medical CONDITIONS HAVE BEEN WORSENING ON A DAILY BASIS. THE SYMPTOMS ARE WORSENING, IN THAT THEY ARE BECOMING STRONGER AND PERSISTING THROUGH LONGER DURATIONS. THE presence OF THE SYMPTOMS THROUGHOUT MY days, MAKES IT HARDER TO FOCUS THROUGH THE Simplest OF TASKS. THE SYMPTOMS ALWAYS SEEM TO BE PRESENT.

SINCE my ARRIVAL AT UPSTATE C.F. ON 02/15/22. NOT ONLY HAVE I NOTIFIED MULTIPLE MEDICAL EMPLOYEES, IN PERSON, OF my WORSENING MEDICAL CONDITIONS, BUT IVE ALSO SUBMITTED NUMEROUS OF MEDICAL "SICK CALL" COMPLAINTS – INCLUDING AN EMERGENCY SICK CALL REQUEST. DURING ALL OF THESE MEDICAL INTERACTIONS, I WAS MADE TO WAIT IN my CELL TO BE SEEN AT THE NEXT AVAILABLE NURSE SICK CALL ROUNDS ON my GALLERY. EACH NURSING PERSONNEL, CONTINUOUSLY INFORMED ME THAT I WOULD BE SCHEDULED TO SEE A MEDICAL PROVIDER AS SOON AS POSSIBLE. IT HAS LITERALLY BEEN FOUR (4) MONTHS

[ 2 OF 36 ]

SINCE I'VE BEEN FED THESE defecated LIES, AS I STILL HAVE NOT BEEN SCHEDULED FOR NOT ONE (1) MEDICAL CALL-OUT TO SEE ANYONE FOR THESE COMPLAINED OF SYMPTOMS, EVEN THOUGH MEDICAL IS LOCATED directly down THE FACILITY'S CORRIDOR FROM WHERE I AM LOCATED. THE ONLY TIME THAT I WAS SCHEDULED FOR A MEDICAL CALL-OUT WAS TO SIMPLY SIGN A $10.00 DISBURSEMENT FOR A REPLACEMENT PAIR OF PRESCRIPTION EYE-GLASSES IN APRIL 2022.

On 02/25/22, I THEN WROTE A FOUR (4) PAGE LETTER TO THE NYS DOCCS CHIEF MEDICAL OFFICER: JOHN MORLEY (DEFENDANT #5) WHERE I EXPLAINED THE CHRONOLOGICAL HISTORY OF MY WORSENING MEDICAL CONDITIONS AND REQUESTED DR. JOHN MORLEY'S DIRECT ASSISTANCE WITH HAVING MY MEDICAL CONCERNS ADDRESSED WITHIN THE UPSTATE C.F., AS JOHN MORLEY IS THE CHIEF MEDICAL OFFICER OF NYS DOCCS AND HAS THE FULL AUTHORITY & OFFICIAL CAPACITY TO DIRECT THAT MY MEDICAL CONCERNS BE IMMEDIATELY ADDRESSED AT ANY FACILITY WITHIN NYS DOCCS. IN THIS 02/25/22 CORRESPONDENCE, I SPECIFICALLY RELAYED THAT:

"I HAVE AN EXTENSIVE HISTORY OF VERY BAD HEADACHES (MIGRAINES) TO WHERE I BEGIN TO FEEL AN IMMENSE PRESSURE IN MY HEAD. IN 11/06/19 AT SULLIVAN C.F., I RECEIVED AN X-RAY OF MY HEAD BUT WAS NOT PERMITTED TO VIEW THE COMPLETED X-RAYS OR RECEIVE ANY COPIES EVEN AFTER MULTIPLE OF HIPAA REQUESTS. HOWEVER, I WAS TOLD THAT THERE WERE NO VISIBLE ABNORMALITIES IN MY SKULL.    *I WAS THEN CONSULTED AND INFORMED THAT I WOULD BE FURTHER EVALUATED FOR AN MRI SCAN AND EEG SCAN, HOWEVER, I WAS NEVER SEEN BY ANY OTHER MEDICAL EMPLOYEES CONCERNING THESE ISSUES."

[ 3 OF 36 ]

"During my stay at Shawangunk C.F. from September 2020 - April 2021, I once again created a medical papertrail (sickcalls, grievances & OSI Complaint) concerning medical negligence and these very same headaches (migraines), dizziness and new nerve damage and pain that developed as a result. *My initial complaints went unchecked and untreated until the nerve damage (numbness) had spread throughout the both of my hands and family members made an OSI complaint on my behalf. At that point, I was then scheduled for Two (2) complete sessions of physical therapy with Physical Therapist: Miranda Zipagan. However, I received no further treatment despite being recommended for Cortisone shots."

"I was then transferred to Southport C.F. in April 2021 and was not being seen or treated for any of these continuous issues. I then filed multiple of grievances and wrote directly to your office in a letter dated 06/06/21. At this point, a referral was made by your office to the Division of Health and an investigation was conducted. It wasn't until your investigation was conducted that Southport C.F. medical personnel began to treat my health concerns."

"I was then scheduled for a medical trip where a Nerve Conduction Test was conducted by Dr. John M. Syrotynski on 07/06/21 where nerve damage was detected and documented. At this point, no further medical treatment was given in relation to my Nerve Damage, Dizziness and

[4 OF 36]

CHRONIC HEADACHES (MIGRAINES). HOWEVER, A PRESCRIPTION OF "NABUMETONE - 500 MG" WAS CONTINUED EVEN THOUGH I NOTIFIED MEDICAL PERSONNEL MULTIPLE OF TIMES THAT THOSE ANTI-INFLAMMATORY DRUGS DID NOTHING TO RELIEVE THE CARPAL TUNNEL PAINS IN MY RIGHT WRIST. **IN OTHER WORDS, MY MOST SERIOUS DEVELOPING HEALTH CONCERNS WERE IGNORED - INCLUDING CHRONIC HEADACHES (MIGRAINES), DIZZINESS AND DETERIORATING NERVE CONDITIONS."

"IN NOVEMBER 2021, I WAS THEN TRANSFERRED TO CLINTON C.F. WHERE THE SAME MEDICAL NEGLIGENCE PERSISTED DESPITE MY MANY WRITTEN AND VERBAL COMPLAINTS THAT MY MEDICAL CONDITIONS WERE WORSENING. *THE DIZZINESS IS WORSE, THE PRESSURE IN MY HEAD FROM THE CHRONIC HEADACHES (MIGRAINES) HAVE WORSENED, MY NERVE DAMAGE HAS WORSENED IN THAT WITHIN THE LAST YEAR I HAVE BEGUN TO FEEL SHAKING TREMORS IN NERVES THAT RUN THROUGH MY STOMACH TO MY HEAD."

"THESE MEDICAL COMPLAINTS HAVE GONE COMPLETELY UNCHECKED AND UNTREATED OUTSIDE OF EMPTY PROMISES THAT I WOULD BE CONSULTED BY MEDICAL TO RECEIVE AN MRI SCAN AND EEG SCAN OF MY HEAD. NEEDLESS TO SAY, MONTHS WENT BY AND I RECEIVED ABSOLUTELY NO MEDICAL TREATMENT WHAT SO EVER IN RELATION TO THESE ISSUES."

"ON 02/15/22, I WAS TRANSFERRED HERE TO UPSTATE C.F. AND STILL EXPERIENCE THE VERY SAME MEDICAL ISSUES ON A DAILY BASIS AND HAVE SUBMITTED MEDICAL REQUESTS (SICK CALLS) THAT I HAVE STILL NOT RECEIVED ANY IMMEDIATE MEDICAL EVALUATIONS FOR AS OF YET"

5 OF 36

"I specifically requested that an MRI scan and EEG scan be conducted of my head to thoroughly monitor brain chemistry and neural activity in order to accurately detect any abnormalities as well as any present and/or developing neurological disorders or possible brain damage. (*I also have a very hard time sleeping as well and often times wake up dizzy). A medical nurse during morning sick call simply stated that I would be scheduled, in the future, to see a medical provider as there is nothing that he could do by himself due to his work limitations. That's all."

"I am now writing to you respectfully asking that my life and deteriorating health be prioritized over Docc's employees work convenience so that I can finally begin to receive proper and effective medical assistance before my symptoms worsen and become permanent or I simply do not awaken one morning."

"With this, I respectfully ask that you specifically take affirmative steps to ensure that I am immediately evaluated by medical personnel and scheduled as soon as possible for a Magnetic Resonance Imaging (MRI) scan and an ElectroEncephaloGraphy (EEG) scan to thoroughly monitor my brain chemistry and neural activity to detect any abnormalities, neurological disorders and/or present or developing brain damage. It would be greatly appreciated. Please and thank you."

[See Exhibit #2 - 02/25/22 Letter to Chief Medical Officer: John Morley, 4 pages]
[6 of 36]

NEEDLESS TO SAY, ABSOLUTELY NO AFFIRMATIVE ACTIONS WERE TAKEN OR DIRECTED BY CHIEF MEDICAL OFFICER: JOHN MORLEY (DEFENDANT #5) TO ENSURE THAT MY PERSISTENT AND WORSENING SERIOUS MEDICAL CONDITIONS WERE IMMEDIATELY AND EFFECTIVELY ADDRESSED.

THE PROPER COURSE OF ACTION FOR MEDICAL WOULD BE TO [1] ACCURATELY DETECT, [2] CORRECTLY IDENTIFY AND THEN [3] APPROPRIATELY TREAT THE MEDICAL CONDITIONS. THIS DID NOT TAKE PLACE. HERE, THE DEFENDANTS COMPLETELY FAILED AND NEGLECTED TO EVEN SATISFY THE FIRST STEP OF ACCURATELY DETECTING THE EXISTING MEDICAL CONDITIONS THROUGH THE PROPER MEDICAL HEAD SCANS.

ON 03/14/22, THE PLAINTIFF THEN FILED A THREE (3) PAGE GRIEVANCE COMPLAINT (#UST-0401-22) WITH THE UPSTATE C.F. GRIEVANCE SUPERVISOR (DEFENDANT #1), TITLED: "MEDICAL NEGLIGENCE" WHICH STATED THAT:

• "I AM FILING THIS FACILITY GRIEVANCE IN CONNECTION TO NOT RECEIVING PRIORITIZED MEDICAL CARE FOR VERY SERIOUS HEALTH CONDITIONS FOR WHICH I'VE ALSO SUBMITTED TWO (2) PRIOR SICK CALLS FOR - INCLUDING AN EMERGENCY SICK CALL".

• "THE MEDICAL CONDITIONS AND HEALTH CONCERNS BEING COMPLAINED OF ARE IN RELATION TO [1] VERY BAD HEADACHES (MIGRAINES) TO WHERE I BEGIN TO FEEL INTENSE PRESSURE IN MY HEAD [2] DAILY DIZZINESS, AND [3] WORSENING NERVE DAMAGE TO WHERE I NOW FEEL TREMORS (SHAKING) IN NERVES THAT EXTEND FROM MY HEAD TO MY STOMACH, ON A DAILY BASIS."

[ 7 OF 36 ]

- "THESE MEDICAL CONDITIONS HAVE EXISTED FOR ALMOST TWO (2) YEARS NOW AND ARE ONLY GETTING WORSE. AT MY PREVIOUS PRISON (CLINTON C.F.), I WAS TOLD BY A REGISTERED NURSE THAT I WOULD BE EVALUATED AND SUBMITTED FOR A MAGNETIC RESONANCE IMAGING (MRI) SCAN ALONG WITH AN ELECTROENCEPHALOGRAPHY (EEG) SCAN THAT NEVER CAME TOO, I ASSUME, DUE TO MY BEING TRANSFERRED TO UPSTATE C.F. ON 02/15/22."

- "SINCE MY ARRIVAL TO THIS FACILITY, I'VE NOT ONLY SPOKEN TO NUMEROUS OF MEDICAL PERSONNEL IN PERSON BUT I'VE ALSO SUBMITTED MULTIPLE SICK CALL REQUESTS INCLUDING AN EMERGENCY SICK CALL DUE TO MIGRAINES, DIZZINESS AND TREMORS (SHAKING) IN THE NERVES IN MY HEAD AND STOMACH."

- "NEEDLESS TO SAY, I STILL HAVE NOT BEEN PLACED ON A MEDICAL CALL OUT TO BE EVALUATED OR SEEN BY A REGISTERED NURSE OR DOCTOR EVEN THOUGH I'VE BEEN LOCATED WITHIN THIS FACILITY FOR ALMOST ONE MONTH (30 DAYS) NOW AND HAVE NOTIFIED MEDICAL THAT I'VE BEEN EXPERIENCING THESE SYMPTOMS ON A DAILY BASIS."

- "I AM NOW RESPECTFULLY REQUESTING THAT MY LIFE AND DETERIORATING HEALTH BE PRIORITIZED OVER SOMEONE ELSES WORK CONVENIENCE SO THAT I CAN FINALLY BEGIN TO RECEIVE PROPER AND EFFECTIVE MEDICAL ASSISTANCE BEFORE MY SYMPTOMS EVENTUALLY WORSEN AND BECOME PERMANENT OF I SIMPLY DO NOT AWAKEN ONE MORNING."

[ 8 OF 36 ]

• "Specifically, I Humbly ask that affirmative steps be taken to ensure that I am immediately evaluated by Medical personnel and scheduled as soon as possible for a ¹⁾ Magnetic Resonance Imaging (MRI) scan and an ²⁾ ElectroEncephaloGraphy (EEG) scan to thoroughly monitor my Brain Chemistry and Neural Activity to detect any Abnormalities, Neurological disorders ⁴⁾/ or present or developing Brain Damage. It would be extremely appreciated. Please and Thank you."

[SEE Exhibit #3 -03/14/22 "Medical Negligence" Grievance complaint (#UST-0401-22), 3 pages]

On 03/31/22, at 12:55 pm - 1:03 pm, the Plaintiff then contacted the Office of Special Investigation (OSI) by telephone (#444) by utilizing his Incarcerated telephone privileges to make a medical negligence complaint.   During this phone call, the Plaintiff spoke to a Doccs employee named "Christina" who then connected the Plaintiff to an "Investigator Reuis" - who the Plaintiff then delivered a summary of the medical negligence history and existing symptoms to.   Investigator Reuis then stated that she would investigate the complaint and contact the Upstate C.F.   *These records can and should be produced and transcribed by the N.Y.S. Doccs for the Courts thorough review in these proceedings.

On 03/31/22, the Upstate C.F. Incarcerated Grievance Review Committee (IGRC) held a hearing in relation to Plaintiffs "Medical Negligence" Grievance (#UST-0401-22), where the IGRC decided that:

[9 of 36]

- "INVESTIGATION CONDUCTED BY CHART AND FHS1 REVIEW REFLECTS HIS COMPLAINTS ARE CHRONIC AND THAT HE HAS BEEN SEEN AND ASSESSED FOR THIS COMPLAINT ON 2 OCCASIONS SINCE ARRIVING AT UPSTATE. HE WAS ASSESSED BY THE RN AND TREATED APPROPRIATELY. HE WAS ALSO SEEN AND TREATED FOR THESE COMPLAINTS AT HIS PREVIOUS FACILITY. HE HAS A PENDING APPOINTMENT TO SEE THE PROVIDER IN THE NEAR FUTURE. THERE HAVE BEEN NO REQUESTS FOR ESC FOUND IN HIS CHART FOR UPSTATE." ID.

- "THE GRIEVANT THEN RECEIVED THIS DECISION ON 04/04/22 AND FURTHER APPEALED THIS DETERMINATION TO THE UPSTATE C.F. SUPERINTENDENT WITH A ONE(1) PAGE APPEAL STATEMENT (ATTACHED), WHICH STATED THAT,

  - "AT NO POINT, WAS I EVER PROPERLY "ASSESSED" OR "TREATED APPROPRIATELY" BY ANY REGISTERED NURSE, NOT DURING ANY REGULAR SICK CALL OR ANY EMERGENCY SICK CALLS. THE RN SIMPLY ASKED VERBAL QUESTIONS THEN STATED THAT I WOULD BE SCHEDULED TO SEE A PROVIDER — WELL OVER A MONTH AGO. YET, I HAVE STILL NOT EVEN BEEN PLACED ON A REGULAR CHECK-UP BY MEDICAL SINCE MY ARRIVAL ON 02/15/22."

- "THIS CANNOT BE DEEMED TO BE "TREATED APPROPRIATELY" FOR LONGTERM/ CHRONIC SYMPTOMS SUCH AS DIZZINESS, MIGRAINES AND NERVE DETERIORATION THAT IS PERSISTENTLY WORSENING ON A DAILY BASIS. THIS IS MEDICAL NEGLIGENCE IN ITS PUREST FORM. FOR THESE REASONS, I NOW APPEAL TO THE SUPERINTENDENT."

[SEE EXHIBIT #4, 04/05/22 IGRC decision/GRIEVANCE APPEAL TO SUPERINTENDENT, 2 PAGES]

[10 OF 36]

On 04/08/22, at approximately 9am-9:30am, the Upstate C.F. Nurse Administrator: V. Downer (Defendant #4) then arrived at my cell location (8 Building- C-block #2 cell / 08-C1-02 cell) to investigate the Office of Special Investigation's (OSI) complaint that I made on 03/31/22 through Investigator Revis. She (NA: V. Downer) then inquired as to whether my medical conditions still existed. I then re-explained my symptoms and confirmed that they do still exist and are worsening. She (NA: V. Downer) then asked whether I've been filing any Sick Call Requests. I then informed the Nurse Administrator that I've not only filed regular Sick Calls but I've also written letters and filed emergency Sick Calls. Yet, nothing was done outside of the Nurses asking frivolous questions at my cell and stating that I would see a medical provider — This happened continuously over a 1½ month period. The Nurse Administrator then made notes on a writing pad concerning my requests for an MRI scan and EEG scan for my brain.

On 04/10/22, the Plaintiff then wrote a follow-up two (2) page letter to Nurse Administrator: V. Downer which stated:

"On 04/08/22, you arrived at my cell (08-C1-02²º) to investigate an OSI medical complaint in relation to worsening health concerns. These medical issues were in relation to chronic headaches & dizziness and worsening nerve damage that have existed for almost two (2) years now and persist on a daily basis"

[ 11 of 36 ]

• "I AM NOW WRITING TO YOU RESPECTFULLY REQUESTING THAT YOU PLEASE SUBMIT THE FOLLOWING COMPUTERIZED REQUEST TO CENTRAL OFFICE (ALBANY):
'IN LAST 2 YEARS, CHRONIC MIGRAINES & DIZZINESS, NERVE TREMORS IN HEAD AND STOMACH, NERVE DAMAGE IN BOTH HANDS, REQUESTING MRI SCAN AND EEG SCAN OF HEAD.

• "THE REASON FOR REQUESTING A MAGNETIC RESONANCE IMAGING (MRI) SCAN AND AN ELECTROENCEPHALOGRAPHY (EEG) SCAN IS THAT THESE SCANS WOULD BE THE ONLY DEFINITE WAY TO EFFECTIVELY MONITOR MY BRAIN CHEMISTRY AND NEURAL ACTIVITY IN ORDER TO PROPERLY DETECT ANY ABNORMALITIES AND/OR PRESENT OR DEVELOPING BRAIN DAMAGE."

• "I NOW HUMBLY ASK THAT YOU PLEASE ASSIST ME WITH HAVING THE ABOVE-MENTIONED COMPUTERIZED REQUEST SUBMITTED TO CENTRAL OFFICE (ALBANY) SO THAT I MAY FINALLY BEGIN TO RECEIVE PROPER MEDICAL ASSISTANCE FOR MY HEALTH CONCERNS. IT WOULD BE GREATLY APPRECIATED. PLEASE AND THANK YOU."

[SEE EXHIBIT #5 - 04/10/22 LETTER TO NURSE ADMINISTRATOR "V. DONNER, 2 PAGES]

ON 04/12/22, THE UPSTATE C.F. SUPERINTENDENT: DONALD G. UHLER (DEFENDANT #2) ISSUED A DECISION DENYING PLAINTIFF'S '04/05/22 GRIEVANCE APPEAL, STATING:

• "THIS GRIEVANCE WAS REINVESTIGATED BY NA VD AND CONCURS WITH THE ORIGINAL INVESTIGATION CONDUCTED BY RN CC.
UPON REVIEW OF GRIEVANT'S MEDICAL RECORD, GRIEVANT HAS ONLY SIGNED UP

[12 OF 36]

"FOR NSC ON 2 OCCASIONS SINCE HIS ARRIVAL AT UPSTATE CF. REGARDING THESE COMPLAINTS, ON 2/21/22 AND 3/1/22. A NURSING ASSESSMENT IS DOCUMENTED FOR BOTH ENCOUNTERS. THERE IS NO DOCUMENTATION THAT GRIEVANT HAS REQUESTED ESC AT UPSTATE CF. GRIEVANT HAS BEEN REFERRED TO THE FACILITY PROVIDER.

THERE IS NO EVIDENCE OF MALFEASANCE."

THE PLAINTIFF RECEIVED THIS GRIEVANCE DENIAL BY SUPERINTENDENT: DONALD G. UHLER ON 04/13/22 AND THEN SELECTED TO NOW APPEAL THE GRIEVANCE DENIAL TO THE CENTRAL OFFICE REVIEW COMMITTEE (CORC) BY COMPLETING THE APPEAL FORM AND WRITING THE FOLLOWING "APPEAL STATEMENT" ON THE FORM:

"I AM ASKING CORC TO REVIEW THIS GRIEVANCE DENIAL SO THAT IT CAN BE CONDUCTED BY AN IMPARTIAL REVIEWER WHO ISN'T STRIVING TO SEEM PERFECT. I AM CURRENTLY SUFFERING, ON A DAILY BASIS, FROM MIGRAINES, DIZZINESS AND NERVE ISSUES. YET, NO ONE HAS SHOWN ME ANY RESPECT AS A HUMAN BEING TO HAVE ME PROPERLY CHECKED OUT AT MEDICAL EVEN THOUGH I'VE BEEN IN THIS FACILITY FOR TWO (2) MONTHS. PEOPLE ARE LAZILY CHECKING "DOCUMENTS", INSTEAD OF CHECKING THE "PERSON". FOR THESE REASONS, I APPEAL."

[SEE EXHIBIT #6 - 04/12/22 SUPERINTENDENTS GRIEVANCE DENIAL & APPEAL TO CORC, 1 PAGE]

[13 OF 36]

On 05/13/22, the Incarcerated Grievance Program Director: Rachael Seguin then forwarded correspondence to the Plaintiff which stated that: "

. " Your Grievance UST-0401-22 entitled Medical Conditions Worsening/ MRI/EEG Was Rec'd by CORC on 04/25/2022"

[See Exhibit #7 - 05/13/22 Correspondence from IGP Director: Rachael Seguin, 1 page]

On 04/26/22, at approx. 4:16 pm, the Plaintiff once again made a medical negligence complaint, by telephone (#444), with the Office of Special Investigations (OSI) by utilizing his incarcerated telephone privileges. During this phone call, the Plaintiff spoke to an "Investigator Garcia" who then processed a medical negligence complaint on behalf of the Plaintiff. The Plaintiff explained his worsening medical conditions along with a description of the daily dizziness & nerve tremors that feel like shivers in his head, chest and stomach that occur daily. * These recorded records can and should be produced and transcribed by the NYS Docs for the courts thorough review in these proceedings.

On 05/09/22, a family member made an additional complaint with the Office of Special Investigations (OSI) concerning medical negligence and an excessive use of force on Plaintiff to where multiple correctional employees assaulted the Plaintiff as his hands were handcuffed behind his back, and then falsified a misbehavior report to justify the 05/06/22 assault. The OSI complaint was filed under Complaint #298849 by OSI. * These records can and should be produced by NYS DOCCS for the courts thorough review in these proceedings.

[14 of 36]

On 05/20/22, the Nurse Administrator: V. Donner (Defendant #4) then arrived at Plaintiff's cell location (8 building - A-block - #15 cell/ 08-A1-15 cell) to investigate the medical negligence aspect of the OSI complaint.    At this point, I then re-explained my existing daily medical conditions and informed the Nurse Administrator that I still have not been scheduled for a medical call-out to see a medical provider since my arrival at Upstate C.F. on 02/15/22. The Nurse Administrator: V. Donner then - ~~stated~~ batted her eyelashes - and stated that "she" would "personally" ensure that I was scheduled to see a medical provider very soon.               Needless to say, I still have not been scheduled to see a medical provider even though this is the second OSI medical negligence complaint that she has "personally" investigated in addition to the initial grievance complaint (UST-0401-22).

• Per 7 NYCRR §701.5 (d)(2) "The CORC shall review each appeal, render a decision on the grievance, and transmit its decision to the facility, with reasons stated ... Within 30 calendar days from the time the appeal was received." See Also, Doccs Directive #4040 - Incarcerated Grievance Program; The Second Circuit in  Hayes v. Dahlke, 976 F.3d. 259, at 270 (2nd Cir. 2020) ruled that: "We therefore hold that, because the Doccs Inmate Grievance procedure imposes a mandatory deadline for the CORC to respond, an inmate exhausts administrative remedies when he follows the procedure in its entirety but the CORC fails to respond within the 30 days it is allocated under the regulations. We decline to impose a 'reasonableness' requirement found nowhere in the text, which would leave inmates - and courts - to blindly speculate how long one must wait before filing suit." Id.

[15 of 36]

With this in mind, the Incarcerated Grievance Program Director: Rachael Seguin confirmed that the Corc Appeal for Grievance #UST-0401-22 was received for Corc review on 04/25/22. From this date, per statute, Doccs Directive and established Federal case law, Corc had thirty (30) days - Until 05/25/22 - to respond to the Grievance Appeal. At this point, whether or not Corc has decided the Appeal, the Plaintiff's remedies are deemed to be fully exhausted.

For the record, the Plaintiff has still not received an Appeal decision from Corc and now hereby files the Instant 42 USCA § 1983 proceedings for Relief under law.

Dated: June 1ˢᵗ, 2022.

I swear under the penalty of perjury, a class "A" misdemeanor, that all statements made herein are true and correct. AW

[ 16 of 36 ]

- POINT I -

THE PLAINTIFF'S CONSTITUTIONAL RIGHTS TO BE FREE FROM
CRUEL & UNUSUAL PUNISHMENTS WERE VIOLATED BY
DEFENDANTS DELIBERATE INDIFFERENCE TO PLAINTIFF'S
SERIOUS MEDICAL NEEDS.
(U.S. CONST. 8TH AMEND;  N.Y.S. CONST. ART. I, §5)

CITIZENS OF THE UNITED STATES OF AMERICA HAVE DUE PROCESS RIGHTS
UNDER THE STATE AND FEDERAL CONSTITUTIONS. SEE, N.Y.S. CONST. ART. I, §6; U.S. CONST. 14TH
AMEND. THE UNITED STATES SUPREME COURT IN SANDIN V. CONNER, 115 S.CT. 2293 (1995).
FURTHER, PRISONERS MAY NEVER BE DEPRIVED OF LIFE, LIBERTY OR PROPERTY WITHOUT
DUE PROCESS OF LAW. ID.

FURTHER, THE EIGHTH AMENDMENT PROHIBITS THE INFLICTION OF "CRUEL AND
UNUSUAL PUNISHMENTS." SEE, U.S. CONST. 8TH AMEND. THIS INCLUDES PUNISHMENTS THAT
"INVOLVE THE UNNECESSARY AND WANTON INFLICTION OF PAIN." SEE, GREGG V. GEORGIA,
428 U.S. 153, 173 (1976). IN ORDER TO ESTABLISH AN EIGHTH AMENDMENT CLAIM
ARISING OUT OF INADEQUATE MEDICAL CARE, A PRISONER MUST PROVE "DELIBERATE
INDIFFERENCE TO [HIS] SERIOUS MEDICAL NEEDS." SEE, ESTELLE V. GAMBLE, 429 U.S. 97,
104 (1976).

THE STANDARD OF DELIBERATE INDIFFERENCE INCLUDES BOTH SUBJECTIVE
AND OBJECTIVE COMPONENTS. "FIRST, THE ALLEGED DEPRIVATION MUST BE, IN OBJECTIVE TERMS,
"SUFFICIENTLY SERIOUS." SEE, HATHAWAY V. COUGHLIN, 37 F3D 63, 66 (2ND CIR. 1994).

[17 OF 36]

SECOND, THE DEFENDANT "MUST ACT WITH A SUFFICIENTLY CULPABLE STATE OF MIND." ID.
AN OFFICIAL ACTS WITH THE REQUISITIVE DELIBERATE INDIFFERENCE WHEN THAT OFFICIAL
"KNOWS OF AND DISREGARDS AN EXCESSIVE RISK TO INMATE HEALTH OR SAFETY; THE
OFFICIAL MUST BOTH BE AWARE OF FACTS FROM WHICH THE INFERENCE COULD BE
DRAWN THAT A SUBSTANTIAL RISK OF SERIOUS HARM EXISTS, AND HE MUST ALSO
DRAW THE INFERENCE." SEE, FARMER U. BRENNAN, 511 US. 825, 837 (1994).

    THE SECOND CIRCUIT HAS HELD THAT A CONDITION IS OBJECTIVELY SERIOUS
IF, AMONG OTHER THINGS, "A REASONABLE DOCTOR OR PATIENT WOULD FIND IT IMPORTANT
AND WORTHY OF COMMENT" OR IF "IT CAUSES CHRONIC AND SUBSTANTIAL PAIN" TO THE
INCARCERATED INDIVIDUAL. SEE, SALUHUDDIN U. GOORD, 467 F.3D. 263, 280 (2ND CIR. 2006);
SEE ALSO, MCFADDEN U. NOETH, 829 FED. APPX. 20, AT 27 (2020).

    OTHER CIRCUITS HAVE HELD THAT A SERIOUS MEDICAL CONDITION
EXISTED WHERE "THE FAILURE TO TREAT A PRISONER'S CONDITION COULD RESULT IN FURTHER
SIGNIFICANT INJURY OR THE 'UNNECESSARY AND WANTON INFLICTION OF PAIN'." SEE,
GUTIERREZ U. PETERS, III F.3D, 1364, AT 1373 (7TH CIR. 1997). FACTORS THAT HAVE BEEN
CONSIDERED INCLUDE "THE EXISTENCE OF AN INJURY THAT A REASONABLE DOCTOR OR
PATIENT WOULD FIND IMPORTANT AND WORTHY OF COMMENT OR TREATMENT; THE PRESENCE
OF A MEDICAL CONDITION THAT SIGNIFICANTLY AFFECTS AN INDIVIDUAL'S DAILY
ACTIVITIES; OR THE EXISTENCE OF CHRONIC AND SUBSTANTIAL PAIN." SEE, MCGUCKIN
MCGUCKIN U. SMITH, 974 F.2D. 1050, 1059-1060 (9TH CIR. 1992); ACCORD,
GUTIERREZ U. PETERS, III F.3D. 1364, AT 1373 (7TH CIR. 1997) (CITING MCGUCKIN AND
COLLECTING CASES FROM OTHER CIRCUITS EMPLOYING A SIMILAR STANDARD).

The factors listed above, while not the only ones that might be considered, are without a doubt highly relevant to the inquiry into whether a given medical condition is a serious one. See Generally, Koehl v. Dalsheim, 85 F.3D. 86, at 88 (2nd Cir. 1996) (Inmates need for prescription eye glasses constituted a serious medical condition where, as result of not having glasses, the inmate suffered headaches, his vision deteriorated, and he was impaired in daily activities.).

Further, although medical Deliberate Indifference claims are most often asserted against medical personnel, non-medical personnel may also be held liable for Deliberate Indifference to medical needs where a plaintiff proves that 'prison personnel intentionally delayed access to medical care when the inmate was in extreme pain and has made his medical problem known to the attendant prison ~~personnel~~ personnel'. See, Estelle v. Gample, 429 US. 97, at 104 (1976) ("This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed.").

✝ Here, without a doubt, the extensive paper trial created by the plaintiff in the form of letters, Sick Call requests, OSI complaints & investigations, Grievance complaints & appeal records put All of the Defendants on Direct Notice of the seriousness of plaintiff's health concerns and medical needs. From the face of these records, any reviewer could immediately

[19 of 36]

REACH THE CONCLUSION THAT THE PLAINTIFF'S COMPLAINED OF SYMPTOMS POSED A SIGNIFICANT RISK TO PLAINTIFF'S DAILY HEALTH & OVERALL LIVELIHOOD.   AT THIS POINT, ANY PERSON WHO WAS KNOWLEDGEABLE OF PLAINTIFF'S HEALTH CONCERNS AND THEREBY COMPLETELY FAILED TO SEEK SOME FORM OF ASSISTANCE OR TREATMENT FOR PLAINTIFF'S MEDICAL CONDITIONS MUST BE DEEMED TO BE A BLATANT DISREGARD FOR THE PLAINTIFF'S HEALTH AND MEDICAL NEEDS.

FURTHER, THERE CAN BE NO CONTEST TO THE FACT THAT THE PLAINTIFF'S PERSISTENT AND WORSENING MEDICAL CONDITIONS OF HEADACHES/MIGRAINES THAT RESULTS IN INTENSE PRESSURE IN PLAINTIFF'S HEAD, DAILY DIZZINESS AND NERVE DETERIORATION THAT CAUSES NERVE TREMORS (SHAKING) IN THE NERVES WITHIN THE PLAINTIFF'S HEAD, CHEST & STOMACH, ARE OBJECTIVELY SERIOUS MEDICAL CONDITIONS AS IT DISORIENTS THE PLAINTIFF WITH DIZZINESS ON A DAILY BASIS AND "CAUSES CHRONIC AND SUBSTANTIAL PAIN" TO THE PLAINTIFF.  SEE, SALAHUDDIN V. GOORD, 467 F.3D. 263, 280 (2ND CIR. 2006).

FURTHERMORE, THE DEFENDANTS COMPLETE FAILURES TO TREAT THE PLAINTIFF'S MEDICAL CONDITIONS, IN ANY WAY, RESULTED IN FURTHER SIGNIFICANT INJURY AND THE UN-NECESSARY WANTON INFLICTION OF PAIN, IN THAT THE PLAINTIFF'S DAILY SYMPTOMS CONTINUOUSLY GROWS STRONGER AND PERSISTS LONGER IN DURATION AS TIME GOES BY.   *THE PRESENCE OF THE COMPLAINED OF MEDICAL CONDITIONS MAKES IT HARDER FOR THE PLAINTIFF TO STAY ALERT AND KEEP FOCUSED THROUGH THE SIMPLEST OF TASKS, AS THE DIZZINESS, HEADACHES & NERVE TREMORS ALWAYS SEEM TO BE PRESENT.

[20 OF 36]

THE PROPER COURSE OF ACTION FOR THE DEFENDANTS WOULD BE TO
1.) ACCURATELY DETECT, 2.) CORRECTLY IDENTIFY AND THEN 3.) APPROPRIATELY TREAT THE MEDICAL
CONDITIONS. THIS HAS NOT TAKEN PLACE. THE DEFENDANTS HAVE COMPLETELY FAILED AND
NEGLECTED TO EVEN SATISFY THE FIRST STEP OF ACCURATELY DETECTING THE EXISTING
MEDICAL CONDITIONS THROUGH THE APPROPRIATE MEDICAL SCANS OF PLAINTIFF'S
HEAD/BRAIN.

THE PROPER AND APPROPRIATE MEDICAL SCANS BEING A MAGNETIC
RESONANCE IMAGING (MRI) SCAN AND AN ELECTROENCEPHALOGRAPHY (EEG) SCAN AS THESE
MEDICAL SCANS WOULD BE THE ONLY PROVEN WAYS TO THOROUGHLY MONITOR THE
PLAINTIFF'S BRAIN CHEMISTRY AND NEURAL ACTIVITY IN ORDER TO ACCURATELY DETECT
ANY ABNORMALITIES AS WELL AS ANY PRESENT AND/OR DEVELOPING NEUROLOGICAL
DISORDERS OR BRAIN DAMAGE.

THE MEDICAL ISSUES PRESENTED TO THE COURT IN THESE PROCEEDINGS
POSES AN IMMINENT RISK OF SERIOUS PHYSICAL HARM TO THE PLAINTIFF'S HEALTH & LIFE IN
THAT THESE UNTREATED MEDICAL CONCERNS ARE GRADUALLY WORSENING AND
SIGNIFICANTLY AFFECTING THE PLAINTIFF'S NERVOUS SYSTEM & MOTOR ABILITIES IN
THAT THE PLAINTIFF IS EXPERIENCING DAILY DIZZINESS, INTENSE PRESSURE IN HIS
HEAD DURING RE-OCCURING HEADACHES, AND FURTHER EXPERIENCING TREMORS
(SHAKING) IN THE NERVES WITHIN HIS HEAD, CHEST & STOMACH, ON A DAILY BASIS.
THE PLAINTIFF'S LIFE HAS BEEN DRASTICALLY AFFECTED BY THE PRESENCE OF THESE
DAILY MEDICAL CONDITIONS.

[21 OF 36]

MOST CERTAINLY, THE PLAINTIFF'S CLAIMS PROVIDE SUFFICIENT DETAILS DESCRIBING THE RISK OF FURTHER DEGENERATION OF HIS NERVOUS SYSTEM AND OVERALL HEALTH & LIFE, IF THE PLAINTIFF'S DEVELOPING AND GRADUALLY WORSENING SYMPTOMS AND HEALTH CONCERNS ARE LEFT UNTREATED.   SEE, CHANCE V. ARMSTRONG, 143 F.3D.698, AT 702 (1998)(THE STANDARD FOR EIGHTH AMENDMENT VIOLATIONS CONTEMPLATES "A CONDITION OF URGENCY" THAT MAY RESULT IN "DEGENERATION" OR "EXTREME PAIN".) ID.

FOR THESE VERY REASONS, THE PLAINTIFF NOW HUMBLY REQUESTS THAT THIS COURT PLEASE CONDUCT THESE §1983 PROCEEDINGS ON AN EMERGENCY BASIS; AND FURTHER, PLACE A COURT ORDER INTO THE RECORD DIRECTING THE NYS DOCCS DEFENDANTS TO IMMEDIATELY FOR AN MRI SCAN & EEG SCAN TO BE CONDUCTED OF THE PLAINTIFF'S HEAD (BRAIN) AND CHEST SO THAT ANY ABNORMALITIES MAY ACCURATELY BE DETECTED AND IDENTIFIED SO THAT SOME FORM OF TREATMENT PLAN MAY BE DEVISED BEFORE THE PLAINTIFF'S SERIOUS MEDICAL CONDITIONS EITHER WORSEN OR BECOME PERMANENT; AND FURTHER, THAT ANY AND ALL FINDINGS IN RELATION TO THESE MEDICAL SCANS BE SUBMITTED INTO THE COURT RECORD FOR THE COURT'S THOROUGH REVIEW AND CONSIDERATION IN THE DETERMINATION PROCESS OF THESE PROCEEDINGS.

FINALLY, THE PLAINTIFF ALSO ASKS THAT THIS COURT ORDERS THE DEFENDANTS TO COPY THE PLAINTIFF'S ENTIRE PERSONAL MEDICAL RECORDS & FILES, FROM 2019-2022, INTO THIS COURT RECORD IN THEIR ANSWER TO PLAINTIFF'S §1983 ACTION; AS NYS DOCCS EMPLOYEES HAVE BEEN COMPLETELY UNWILLING TO PERMIT THE PLAINTIFF UNFETTERED ACCESS TO HIS VERY OWN PERSONAL MEDICAL RECORDS FOR HIS OWN PERUSAL AND USE IN THESE 42 USCA §1983 PROCEEDINGS.

[ 22 OF 36 ]

These personal medical records will be inclusive of any and all letters, sick call requests and any alleged assessments and treatments of Plaintiff's medical conditions from 2019-2022.    * These medical records are pertinent and critical to the Courts Accurate Assessments and determinations of the Plaintiff's medical negligence claims, in these §1983 proceedings.

[23 of 36]

THE DEFENDANTS ARE LIABLE FOR THE VIOLATIONS OF PLAINTIFFS CONSTITUTIONAL RIGHTS;

DEFENDANT #1: INCARCERATED GRIEVANCE PROGRAM SUPERVISOR: C. BAYNE

• THE DEFENDANT IS LIABLE FOR THE VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS AS THE
INCARCERATED GRIEVANCE PROGRAM SUPERVISOR OVERSEES AND IS RESPONSIBLE FOR SUPERVISING
THE PROCESSING, INVESTIGATION AND RESOLUTION OF EACH AND EVERY individual UPSTATE CF.
GRIEVANCE COMPLAINT. THIS GRIEVANCE BEING #UST-0401-22.

• THE DEFENDANT FAILED TO PROPERLY CONSIDER, INVESTIGATE & ADDRESS THE ISSUES THAT WAS
PRESENTED TO THE IGRC OFFICE. THESE ERRORS & OMISSIONS LED TO THE PLAINTIFF'S FURTHER
daily SUFFERING OF medical CONDITIONS THAT THE DEFENDANT COULD HAVE EASILY ALLEVIATED
BY directing THE UPSTATE CF. medical personnel TO properly address THROUGH
THE IGRC process.

• HERE, THE DEFENDANT FAILED TO FULFILL THEIR OBLIGATIONS AND RESPONSIBILITIES OF
CONDUCTING A THOROUGH REVIEW AND INVESTIGATION OF THE submitted GRIEVANCE
(#UST-0401-22). THE DEFENDANT FURTHER FAILED TO CONDUCT AN IN-PERSON
INVESTIGATION OF THE PLAINTIFF'S COMPLAINTS. THESE OMISSIONS LED TO A
ONE-SIDED INVESTIGATION AND DECISION WHICH FULLY NEGLECTED THE PLAINTIFF'S
PRIMARY CONCERNS AND immediate daily WELL BEING. FOR THESE REASONS,
THE DEFENDANT IS BEING SUED IN HIS Individual AND PERSONAL CAPACITY.

[ 24 OF 36 ]

DEFENDANT #2: Upstate C.F. Superintendent: Donald G. Uhler

• The Defendant is liable for the violations of Plaintiff's constitutional rights as the Superintendent oversees and makes all final decisions over any processes within the Upstate Correctional Facility, including the grievance process.
[SEE, EXHIBIT #6]

• Additionally, there were Two (2) OSI medical negligence complaints that was made by Plaintiff on 03/31/22 & 04/26/22 as well as an additional complaint that was made by Plaintiff's family on 05/09/22 (OSI complaint #292849). Each of these OSI complaints were then investigated by Upstate C.F. Employees. There is absolutely no way that the Superintendent of Upstate C.F. was completely unaware of all three (3) OSI investigations that were taking place within his facility by the Office of Special Investigations.

• In any event, once fully aware of Plaintiff's medical conditions, the Superintendent should have taken affirmative steps to ensure that Plaintiff's medical concerns were being properly assessed and addressed by the medical personnel within his facility. This did not take place. The Superintendent failed to fulfill his obligations and responsibilities as the Upstate C.F. Superintendent to ensure the well being and livelihood of all Incarcerated Individuals within his care, custody and control. Here, these obligations were neglected. For these reasons, the Defendant is being sued in his individual and personal capacity.
[25 OF 36]

DEFENDANT #3: CENTRAL OFFICE REVIEW COMMITTEE (CORC) MEMBERS.

- THESE DEFENDANTS WHO MAKE UP THE CENTRAL OFFICE REVIEW COMMITTEE ARE LIABLE FOR THE VIOLATIONS OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS AS THE CORC MEMBERS ARE THE FINAL REVIEWERS OF ANY GRIEVANCE THAT IS FILED WITHIN ANY CORRECTIONAL FACILITY WITHIN NYS DOCCS. IN THIS CASE, THE REVIEWED GRIEVANCE BEING #UST-0401-22.

• THESE DEFENDENTS OBLIGATIONS ARE TO LAUNCH A FINAL INDEPENDENT AND IMPARTIAL INVESTIGATION INTO THE GRIEVANCE APPEAL BEING REVIEWED IN ORDER TO PROPERLY ASSESS THE RELEVANT FACTS AND RENDER THE APPROPRIATE DECISION. FURTHERMORE, AS PREVIOUSLY CITED, THE CORC MEMBERS HAVE NO MORE THAN THIRTY (30) DAYS TO RENDER A DECISION ON ANY PENDING GRIEVANCE APPEAL FROM THE DATE THAT THE APPEAL IS RECEIVED. SEE, 7 NYCRR. § 701.5(d)(2); SEE ALSO, HAYES V. DAHLKE, 976 F.3d. 259, AT 270 (2ND CIR. 2020).

• THE INSTANT GRIEVANCE APPEAL WAS RECEIVED BY CORC ON 04/25/22. [SEE, EXHIBIT #7]. THEREFORE, THE CORC MEMBERS HAD UNTIL 05/25/22 TO RENDER A DECISION. TO DATE, THE PLAINTIFF HAS STILL NOT RECEIVED A CORC DECISION ON GRIEVANCE #UST-0401-22. THEREFORE, THE PLAINTIFF'S ADMINISTRATIVE REMEDIES ARE DEEMED EXHAUSTED FOR THIS COURT'S REVIEW.

[ 26 OF 36 ]

• WITHOUT A DOUBT, THESE DEFENDANTS HAVE FAILED TO FULFILL THEIR OBLIGATIONS AND RESPONSIBILITIES AND MUST FURTHER BE HELD ACCOUNTABLE FOR THEIR LACK THEREOF. AS A RESULT OF THESE ERRORS AND OMISSIONS, THE PLAINTIFF WAS LEFT ISOLATED WITHIN HIS CELL TO SUFFER AS HIS MEDICAL CONDITIONS PERSISTED AND GRADUALLY WORSENED. FOR THESE REASONS, THE DEFENDANTS ARE BEING SUED IN THEIR INDIVIDUAL AND PERSONAL CAPACITIES.

## DEFENDANT #4: UPSTATE C.F. NURSE ADMINISTRATOR: V. DONNER.

• THE DEFENDANT IS LIABLE FOR THE VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS AS THE NURSE ADMINISTRATOR: V. DONNER IS THE HIGHEST RANKING MEDICAL PERSONNEL LOCATED WITHIN THE UPSTATE C.F., AND HAD THE OFFICIAL AUTHORITY TO ORDER AND DIRECT THAT THE PLAINTIFF BE IMMEDIATELY EVALUATED AND TREATED BY MEDICAL BUT CARELESSLY CHOSE NOT TO FULFILL THOSE DUTIES.

• THE DEFENDANT WAS MADE DIRECTLY AWARE OF THE PLAINTIFF'S SERIOUS MEDICAL CONDITIONS THROUGH HER PERSONAL INVESTIGATIONS OF THE INITIAL GRIEVANCE (#UST-0401-22) AND ADDITIONAL IN-PERSON INVESTIGATIONS OF PLAINTIFF ON 04/08/22 & 05/20/22 WHILE INVESTIGATING THE MULTIPLE OSI COMPLAINTS THAT WERE MADE ON 03/31/22, 04/26/22 & 05/09/22. THE DEFENDANT STILL FAILED TO HAVE THE PLAINTIFF PROPERLY TREATED BY MEDICAL PERSONNEL ON AN URGENT BASIS, BASED UPON PLAINTIFF'S SERIOUS MEDICAL CONDITIONS.

( 27 OF 36 )

• THE NURSE ADMINISTRATOR: V. DONNER COMPLETELY FAILED TO FULFILL HER DIRECT OBLIGATIONS AND RESPONSIBILITIES AS THE HEAD SUPERVISING MEDICAL OFFICIAL WITHIN UPSTATE C.F. THESE CARELESS OMISSIONS PLACED THE PLAINTIFF'S HEALTH AND LIFE AT RISK, AS THE PLAINTIFF'S MEDICAL COMPLAINTS WERE CONCERNING GRADUALLY WORSENING MEDICAL CONDITIONS INCLUDING DAILY DIZZINESS AND NERVE DEGENERATION.   FOR THESE REASONS, THE DEFENDANT IS BEING SUED IN HER INDIVIDUAL AND PERSONAL CAPACITY.

DEFENDANT #5: NYS DOCCS CHIEF MEDICAL OFFICER: JOHN MORLEY

• THE DEFENDANT IS LIABLE FOR THE VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS AS THE CHIEF MEDICAL OFFICER: JOHN MORLEY, BY TITLE, IS THE HIGHEST RANKING MEDICAL OFFICIAL WITHIN THE NYS DOCCS. AND OFFICIALLY OVERSEES ALL MEDICAL FUNCTIONS, OPERATIONS & PROCEDURES WITHIN ALL OF THE CORRECTIONAL FACILITIES OF THE NYS DOCCS, AND HAD THE OFFICIAL AUTHORITY TO PERSONALLY DIRECT THAT THE PLAINTIFF'S MEDICAL CONDITIONS BE EFFECTIVELY ASSESSED AND TREATED.

• THE CHIEF MEDICAL OFFICER WAS MADE DIRECTLY AWARE OF PLAINTIFF'S SERIOUS MEDICAL NEEDS THROUGH A FOUR (4) PAGED 02/25/22 LETTER FROM THE PLAINTIFF WHICH ELABORATED IN SUFFICIENT DETAIL THE CHRONOLOGICAL HISTORY OF PLAINTIFF'S MEDICAL CONDITIONS [SEE EXHIBIT #2]. HOWEVER, THE DEFENDANT STILL FAILED TO DIRECT THAT THE PLAINTIFF BE PROPERLY ASSESSED AND EFFECTIVELY TREATED FOR HIS MEDICAL CONDITIONS.

[ 28 OF 36 ]

• THE CHIEF MEDICAL OFFICER: JOHN MORLEY COMPLETELY FAILED TO FULFILL HIS
direct OBLIGATIONS AND RESPONSIBILITIES AS THE HIGHEST RANKING MEDICAL
OFFICIAL WITHIN THE ENTIRE NYS DOCCS TO ENSURE THAT THE APPROPRIATE AND
EFFECTIVE MEDICAL TREATMENT WAS BEING PROVIDED TO EACH AND EVERY
INCARCERATED INDIVIDUAL WITHIN THE CARE, CUSTODY AND CONTROL OF THE
NYS DOCCS.   THIS BLATANT AND CALLOUSED NEGLIGENCE PLACED THE
PLAINTIFF'S HEALTH AND LIFE AT RISK.  FOR THESE REASONS, THE DEFENDANT IS
BEING SUED IN HIS INDIVIDUAL AND PERSONAL CAPACITY.


THE COMPLAINED OF DEFENDANTS ACTED OUTSIDE OF THE SCOPE OF
THEIR PROFESSIONAL DUTIES AND DEVIATED FROM NORMAL PROCEDURES AS THE
DEFENDANTS INACTIONS AND OMISSIONS VIOLATED THEIR PROFESSIONAL OBLIGATIONS
TO PROVIDE EFFECTIVE MEDICAL CARE AND TREATMENT TO ALL INCARCERATED
INDIVIDUALS WITHIN THEIR CARE, CUSTODY AND CONTROL.


THESE ERRORS, OMISSIONS AND CALLOUSED NEGLIGENT ACTS LEFT
THE PLAINTIFF SUFFERING IN HIS CELL WITH GRADUALLY WORSENING MEDICAL CONDITIONS
WHICH CONSISTED OF MIGRAINES THAT CAUSE INTENSE PRESSURE IN HIS HEAD,
DAILY DIZZINESS AND NERVE DETERIORATION WHICH CREATED NERVE
TREMORS (SHAKING) WITHIN THE NERVES OF THE PLAINTIFF'S HEAD, CHEST AND
STOMACH ON A DAILY BASIS.

[ 29 OF 36 ]

- THE DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY -

It IS WELL ESTABLISHED THAT THE DEFENSE OF QUALIFIED IMMUNITY SHIELDS GOVERNMENT OFFICIALS PERFORMING THEIR DUTIES "FROM LIABILITY FOR CIVIL DAMAGES INSOFAR AS THEIR CONDUCT DOES NOT VIOLATE CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN." SEE, HARLOW v. FITGERALD, 457 U.S. 800, 818 (1982). A RIGHT IS SUFFICIENTLY CLEARLY ESTABLISHED if "IT WOULD BE CLEAR TO A REASONABLE OFFICER THAT HIS CONDUCT WAS UNLAWFUL IN THE SITUATION HE CONFRONTED." SEE, SAUCIER v. KATZ, 533 U.S. 194, 202 (2001); SEE ALSO, KERMAN v. CITY OF NEW YORK, 374 F.3D 93, 108 (2ND CIR. 2004); SEE ALSO, ANDERSON v. CREIGHTON, 483 US. 635, 640 (1987) ("THE CONTOURS OF THE RIGHT MUST BE SUFFICIENTLY CLEAR THAT A REASONABLE OFFICIAL WOULD UNDERSTAND THAT WHAT HE IS DOING VIOLATES THAT RIGHT.").

CONSIDERING THE FACTS AND CIRCUMSTANCES PRESENT IN THESE PROCEEDINGS, NEITHER OF THE DEFENDANTS ACTIONS OR FAILURES TO ACT CAN BE DEEMED TO HAVE BEEN OBJECTIVELY OR SUBJECTIVELY REASONABLE AS THE LAWS, POLICIES, PROCEDURES AND CONSTITUTIONAL RIGHTS THAT THE DEFENDANTS VIOLATED WERE WELL ESTABLISHED BEFORE THE ACTUAL VIOLATIONS OF THE PLAINTIFF'S RIGHTS OCCURRED.

FOR INSTANCE, THE EIGHTH AMENDMENT PROTECTIONS AGAINST A PRISON EMPLOYEES "DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS" WERE ALREADY WELL ESTABLISHED BY THE UNITED STATES SUPREME COURT IN ESTELLE v. GAMBLE, 429 U.S. 97, 104 (1976) AND FARMER v. BRENNAN, 511 US. 825, 837 (1994).

[ 30 OF 36 ]

Additionally, these very same protections and guarantees were further established by the Second Circuit in Hathaway v. Coughlin, 37 F.3d 63, at 66 (2nd Cir. 1994); see also, Salahuddin v. Goord, 467 F.3d 263, 280 (2nd Cir. 2006) (Medical conditions are objectively serious if the conditions "Cause chronic and substantial pain".) Id.

Furthermore, there is absolutely no legitimate or believable explanation as to how any of the defendants would not have been aware that by neglecting the Plaintiff's complained of medical conditions, that it would result in further health deteriorations that could pose a significant risk to Plaintiff's overall health and quality of life.

Taking these facts into account, neither one of the defendants are entitled to the shielded protections of Qualified Immunity and must further be held accountable for their actions and failures to act.

## - DAMAGES -

Although 42 USCA § 1997e(e) "is a limitation on recovery of damages for mental and emotional injury in the absence of a showing of physical injury, it does not restrict a Plaintiff's ability to recover compensatory damages for actual injury, nominal or punitive damages, or injunctive and declaratory relief." see, Thompson v. Carter, 284 F.3d 411, at 416 (2nd Cir. 2002).

[31 of 36]

Compensatory & Nominal Damages;

    The Plaintiff is requesting Compensatory and Nominal Damages in the Amount of $250,000.oo against the Defendants to compensate for the violations of the Plaintiff's 8th Amendment protections against Cruel & Unusual punishments and 14th Amendment guarantees of Due Process of Law; In contjunction with the Traumatic mental and emotional inturies sustained through the experiences of Plaintiff's continuous state of hopelessness & depression while suffering through persisting and gradually worsening medical conditions (Physical Intury) which certainly poses an imminent and grave risk to the Plaintiff's overall health and quality of life. See, U.S. Const. 8th Amend; U.s. Const. 14th Amend. See also, N.Y.S. Const. Art.I, §5; N.Y.S. Const. Art.I, §6

- Total Compensatory & Nominal damages = $250,000.oo -

Punitive Damages;

    With respect to Punitive damages, such damages may be awarded under $1983 when "the Defendants conduct is shown to be motivated by an Evil motive or intent, or when it involves reckless or callous indifference to the Federally protected Rights of others". See, Smith v. Wade, 461 U.s. 30,56 (1983); See, Disario v. Hoy, 343 F.3d. 172, 186 (2ND Cir. 2003); See Also, McMichael v. Palito, No. 1:09-CV-130, 2011 WL 1135341, *5 (2011)

[ 32 of 36 ]

CONSIDERING THE FACTS AND CIRCUMSTANCES PRESENT IN THESE PROCEEDINGS, IT IS SUFFICIENTLY CLEAR THAT THE DEFENDANTS DEMONSTRATED A RECKLESS AND CALLOUS INDIFFERENCE TO THE PLAINTIFF'S HUMAN RIGHTS & CONSTITUTIONAL RIGHTS TO EFFECTIVE MEDICAL CARE BY THEIR NEGLIGENT ACTS OF DISREGARDING THE PLAINTIFF'S NUMEROUS NOTICES & COMPLAINTS OF PRESENT AND WORSENING MEDICAL CONDITIONS THAT POSED SIGNIFICANT RISKS TO THE PLAINTIFF'S OVERALL HEALTH AND QUALITY OF LIFE.

THE DEFENDANTS NOT ONLY ACTED OUTSIDE THE SCOPE OF THEIR PROFESSIONAL DUTIES AND OBLIGATIONS, BUT FURTHER DEVIATED FROM NORMAL PROCEDURES, PROTOCOLS AND EXPECTATIONS OF COMMON SENSE.

FOR THESE REASONS, THE PLAINTIFF NOW REQUESTS THE FOLLOWING PUNITIVE DAMAGES AGAINST EACH INDIVIDUAL DEFENDANT TO EFFECTIVELY DETER AND PREVENT SIMILAR BEHAVIOR AND REPETITIVE CONSTITUTIONAL VIOLATIONS IN THE FUTURE;

- DEFENDANT #1: INCARCERATED GRIEVANCE PROGRAM SUPERVISOR: C. BAYNE
  PUNITIVE DAMAGES REQUESTED: $25,000.00

- DEFENDANT #2: UPSTATE C.F. SUPERINTENDENT: DONALD G. UHLER
  PUNITIVE DAMAGES REQUESTED: $25,000.00

- DEFENDANT #3: CENTRAL OFFICE REVIEW COMMITTEE MEMBERS
  PUNITIVE DAMAGES REQUESTED: $25,000.00

33 OF 36

· DEFENDANT #4: NURSE ADMINISTRATOR: V. DOWNER
 PUNITIVE DAMAGES REQUESTED: $50,000.00

· DEFENDANT #5: CHIEF MEDICAL OFFICER: JOHN MORLEY
 PUNITIVE DAMAGES REQUESTED: $50,000.00

THE PUNITIVE DAMAGES REQUESTED AGAINST DEFENDANTS #4 & #5 ARE double THE AMOUNT OF PUNITIVE DAMAGES REQUESTED FROM DEFENDANTS #1, #2 & #3, AS DEFENDANTS #4 & #5 ARE QUALIFIED MEDICAL OFFICIALS AND IT WAS THEIR PERSONAL PROFESSIONAL RESPONSIBILITIES MORE THAN ANY OTHER DEFENDANT TO ENSURE THAT THE PLAINTIFF'S MEDICAL NEEDS WERE BEING SUFFICIENTLY SATISFIED.

THE UNITED STATES SUPREME COURT AND THE SECOND CIRCUIT HAVE RULED THAT AN AWARD OF PUNITIVE DAMAGES THAT IS MORE THAN FOUR (4) TIMES THE AMOUNT OF DAMAGES REQUESTED IS CONSTITUTIONALLY improper. SEE, STATE FARM Mut AUTO INS. Co., V. CAMPBELL, 538 U.S. 408, 425 (2003); SEE ALSO, THOMAS v. i STAR-FIN, INC., 652 F.3D 141, 149 (2ND CIR. 2010).

IN THESE PROCEEDINGS, THE PUNITIVE DAMAGES REQUESTED FROM EACH INDIVIDUAL DEFENDANT IS NOT EXCESSIVE OR CONSTITUTIONALLY IMPROPER AS THE TOTAL REQUESTED PUNITIVE DAMAGES FROM EACH INDIVIDUAL DEFENDANT IS STILL SIGNIFICANTLY LOWER THE THE TOTAL AMOUNT OF COMPENSATORY & NOMINAL DAMAGES REQUESTED BY THE PLAINTIFF.

- TOTAL PUNITIVE DAMAGES = $175,000.00 -

[34 OF 36]

<u>Declaratory Relief</u>;

A court may prefer to grant a Declaratory Judgment rather than an injunction in a case in which it expects prison officials to comply without resistance and in which the issues are very clear cut. See generally, <u>Gittens v. LeFevre</u>, 891 F.2038, at 43 (2nd Cir. 1989).

In these proceedings, if legally permissible, the Plaintiff is requesting that the court enter a Declaratory order directing the NYS DOCCS Defendants to immediately arrange for the appropriate medical scans — M.R.I. & E.E.G. — to be conducted of the Plaintiff's head (brain) so that any abnormalities as well as any present and/or developing neurological disorders or possible brain damage may be accurately detected and identified so that some form of treatment plan may be devised before the Plaintiff's serious medical conditions either worsen or become permanent.

<u>Jury Trial</u>;

The Plaintiff respectfully requests that a jury trial be conducted in the resolution of these §1983 proceedings, as "The evaluation of the injury suffered by a Plaintiff, unless damages have been liquidated or otherwise stipulated, is normally a question of fact to be decided by the fact finder after trial, not a matter for Summary Judgment." See, <u>Patterson v. Coughlin</u>, 905 F.2D. 564, 570 (2nd Cir. 1990);

[35 of 36]

THEREFORE, UNLESS THE PARTIES ARE WILLING TO STIPULATE TO THE COURT, RATHER THAN A JURY, deciding THE AMOUNT OF DAMAGES A PLAINTIFF SHOULD RECOVER, THE COURT CANNOT decide THE ISSUE. ID.    THE TOTAL AMOUNT OF DAMAGES REQUESTED IN THESE §1983 proceedings is #425,000.⁰⁰

* THE PLAINTIFF IS, IN ALL RESPECTS, READY FOR TRIAL! *

WHEREFORE, DUE TO THE CONSTITUTIONAL VIOLATIONS AND FACTS PRESENTED IN THESE §1983 proceedings, THE PLAINTIFF RESPECTFULLY REQUESTS THIS COURT TO GRANT THE REQUESTED DECLARATORY RELIEF AND COMBINED TOTAL OF COMPENSATORY & NOMINAL DAMAGES (#250,000) AND PUNITIVE DAMAGES (#175,000) IN THE AMOUNT OF #425,000 AGAINST THE DEFENDANTS IN THESE proceedings. WITH THE REIMBURSEMENT OF FILING FEES, AND ANY OTHER AND FURTHER RELIEF AS THIS COURT MAY deem JUST AND PROPER.

DATED: JUNE 1ˢᵗ, 2022

RESPECTFULLY,

x _Atiq Akeem Weston_

I DECLARE UNDER THE PENALTY OF PERJURY THAT ALL STATEMENTS MADE HEREIN ARE TRUE AND CORRECT. (AW)

MR. ATIQ AKEEM WESTON #14A2762
UPSTATE CORRECTIONAL FACILITY
309 BARE HILL ROAD, P.O. BOX 2000
MALONE, NEW YORK 12953

[ 36 OF 36 ]

United States District Court
Northern District of New York
Mr. Atiq Akeem Weston #14A2762
                    Plaintiff,

        V.              — Affirmation of Service —

Upstate C.F. IGPS: C. Bayne
Upstate C.F. Superintendent: Donald G. Uhler
Central Office Review Committee (CORC) Members
Upstate C.F. Nurse Administrator: U. Downer
NYS Doccs Chief Medical Officer: John Morley
                    Defendants.


    I, Atiq Akeem Weston, swears under the penalty of perjury
that I am the plaintiff in these 42 USCA §1983 proceedings (and on
the 6th day of June, 2022 served a true and exact copy of
One (1) original and five (5) copies of a §1983 petition w/ 8 exhibits
(13 pages), upon the following:

        United States District Court
        100 s. Clinton Street, P.o. Box 7367
        Syracuse, New York 13261 - 7367

    By United States Mail, by depositing said documents within the
Facility mailbox located within the Upstate Correctional Facility.

    I swear under the penalty of perjury, a class "A" Misdemeanor,
that all statements made herein are true and correct. (AAW)

Dated: June 08, 2022

                        Respectfully,
                    x  Atiq Akeem Weston
                    Mr. Atiq Akeem Weston #14A2762
                    Upstate Correctional Facility
                    309 Bare Hill Road, P.o. Box 2000
cc: file,            Malone, New York 12953.