UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ATIQ WESTON,

                        Plaintiff,

   -against-                                      9:22-CV-621 (LEK/ATB)

C. BAYNE, *et al.*,

                        Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Atiq Weston proceeds pro se in this 42 U.S.C. § 1983 action. In his complaint, he alleges numerous constitutional violations. Dkt. No. 1 ("Complaint.").[1] On January 24, 2023, this Court found that Plaintiff's Eighth Amendment medical indifference claims against Defendants Bayne, Uhler, Downer, and Morley survived sua sponte review and required a response. Dkt. No. 8 ("January Order"). On March 6, 2023, Defendants filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Dkt. No. 15 ("Motion to Dismiss"). On June 28, 2023, the Honorable Andrew T. Baxter, United States Magistrate Judge, recommended that Defendants' Motion to Dismiss be granted in part and denied in part. Dkt. No. 20 ("Report and Recommendation"). On July 10, 2023, Plaintiff filed a letter advising that he did not intend to object to the Report and Recommendation. Dkt. No. 21. Defendants have filed no objection.

---

[1] On September 12, 2022, Plaintiff filed an amended pleading submission. Dkt. No. 7. This submission was added to the Complaint as an attachment on January 24, 2023. See Jan. Ord.

1

Before the Court is Judge Baxter's Report and Recommendation. Also before the Court is a motion filed by Plaintiff for injunctive relief. See Dkt. No. 22 ("Preliminary Injunction Motion"). Defendants filed their opposition to the Preliminary Injunction Motion on October 2, 2023. See Dkt. No. 23 ("Opposition to Preliminary Injunction Motion"). Plaintiff filed a reply on October 16, 2023. See Dkt. No. 24.

**II.     BACKGROUND**

The Court assumes familiarity with the January Order and with Plaintiff's factual allegations detailed therein. In the Complaint, Plaintiff asserted Eighth Amendment medical indifference claims against Defendants Bayne, Uhler, Downer, Morley, and other unnamed individuals who comprise the Central Office Review Committee ("CORC") and alleged that he was not provided with adequate medical treatment to address migraines, daily dizziness, and nerve damage. See Compl. at 6; see also Jan. Order at 4–5. The Court found that Plaintiff's claims against Bayne, Uhler, Downer, and Morley survived sua sponte review but dismissed the claims against the unnamed CORC members. See Jan. Order at 7–11.

In his Report and Recommendation addressing Defendants' Motion to Dismiss, Judge Baxter finds that Plaintiff has sufficiently alleged the personal involvement of Downer in his delayed care, but that he has not adequately alleged the personal involvement of Defendants Bayne, Uhler, and Morley. See R. & R. at 10. In so recommending, Judge Baxter notes Plaintiff's allegation that Downer had personally visited Plaintiff, inquired as to his medical conditions, and "'personally' ensured that plaintiff would see a medical provider very soon." Id. at 13–14. Judge Baxter thus recommends that Defendants' Motion to Dismiss be granted as to Bayne, Uhler, and Morley, but denied as to Downer. Id. at 15. Judge Baxter also recommends

2

that the dismissed claims be dismissed without prejudice and that Plaintiff be given leave to refile. Id.

Plaintiff also seeks an order directing the New York State Department of Corrections and Community Supervision ("DOCCS") to immediately schedule him for certain approved medical scans and provide him with other necessary treatment. See Prelim. Inj. Mot. The following facts are set forth as presented in that motion, which the Court assumes are true for the purposes of addressing the Preliminary Injunction Motion only.

On November 23, 2022, a paralegal employed by the Legal Aid Society Criminal Defense sent a letter to the Director of Health Services at Upstate Correctional Facility detailing Plaintiff's medical history and concerns with his medical treatment. See id. at 21. The letter stated that, in September of 2022, officials at Upstate Correctional Facility recommended that Plaintiff receive an EEG and MRI, but that Plaintiff had yet to be produced for or receive the scans. See id.

On March 27, 2023, Plaintiff sent a letter to Downer requesting a medical evaluation by a doctor based on "nerve issues" he was experiencing. Id. at 16.

On May 9, 2023, Plaintiff was transferred from Upstate Correctional Facility to Sullivan Correctional Facility. See Dkt. No. 18, 19. Plaintiff's "medical conditions have continued to gradually worsen" at Sullivan Correctional Facility because of lack of treatment. Prelim. Inj. Mot. at 3.

On various occasions since May 14, 2023, Plaintiff has made written requests for medical treatment to address "nerve issues" throughout his body. Id. at 4. On August 1, 2023, Plaintiff was "informed by a doctor" that his requests for "an MRI scan and EEG scan were formally approved by NYS DOCCS–Central Office." Id. On September 12, 2023, Plaintiff was brought to

3

the medical facility for "emergency sick call" because he was experiencing "a weird/odd sensation in his head and immediately began to feel dizzy and nauseous." Id. However, the attending nurses only took Plaintiff's "vital signs" and weight before sending him back to his cell: they did not conduct any scans or provide any other treatment. Id. As of the date Plaintiff filed his Preliminary Injunction Motion, he has not received the requested and approved scans. See id. at 4–5.

### III.   STANDARD OF REVIEW

#### A.   Report and Recommendation

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1(b). However, if no objections are made, a district court need only review a report and recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (internal citations omitted). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. See Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." (internal quotation marks

4

omitted)). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

  **B.** **Preliminary Injunction**

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" Otoe-Missouria Tribe of Indians v. N.Y. State Dep't. of Fin. Servs., 769 F.3d 105, 110 (2d Cir. 2014) (quoting Lynch v. City of N.Y., 589 F.3d 94, 98 (2d Cir. 2009)). The burden on parties is generally higher when they seek an injunction that "alters the status quo by commanding some positive act, as opposed to a prohibitory injunction seeking only to maintain the status quo." Cacchillo v. Insmed, Inc., 638 F.3d 401, 406 (2d Cir. 2011).

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders. When a court issues a preliminary injunction, "[t]he order binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. P. 65(d)(2).

**IV.** **DISCUSSION**

  **A.** **Motion to Dismiss**

No party objected to the Report and Recommendation "[w]ithin fourteen days after being served with a copy" of it. 28 U.S.C. § 636(b)(1)(C). Accordingly, the Court reviews the Report and Recommendation for clear error. Finding none, the Court approves and adopts the Report and Recommendation in its entirety. Thus, Defendants' Motion to Dismiss will be granted as to

Bayne, Uhler, and Morley, and denied as to Downer. Those claims that are dismissed are dismissed without prejudice and with leave to refile.

### B. Preliminary Injunction

Plaintiff seeks a preliminary injunction directing DOCCS officials to immediately schedule him for certain medical scans that were approved on August 1, 2023, and to provide him with any other necessary treatment. See Prelim. Inj. Mot. at 5. Defendants argue that Plaintiff's Preliminary Injunction Motion should be denied for the following reasons: (1) the officials responsible for Plaintiff's medical treatment at Sullivan Correctional Facility are not parties to this proceeding; (2) Plaintiff is not entitled to an "obey the law" injunction; (3) Plaintiff has failed to establish that he will suffer irreparable harm in the absence of the injunctive relief he seeks; and (4) Plaintiff has failed to make a clear and substantial showing that he is likely to succeed on the merits of his claims. See Opp'n to Prelim. Inj. Mot. at 2–5.

Generally, to seek an injunction, a plaintiff must seek relief that flows from the underlying claims at bar against the named defendants. See De Beers Consol. Mines Ltd. v. United States, 325 U.S. 212, 220 (1945) (finding that a preliminary injunction was "always appropriate to grant intermediate relief of the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside the issues in the suit"); Stewart v. U.S. I.N.S., 762 F.2d 193, 198–99 (2d Cir. 1985) (affirming denial of injunctive relief because the plaintiff sought a preliminary injunction by "present[ing] issues which are entirely different from those which were alleged in his original complaint"); Paschal v. Santili, No. 16-CV-1690, 2017 WL 2908867, at *5 (D. Conn. Jul. 6, 2017) ("The relief sought in the Motion for Protective Order is unrelated to the allegations against the sole defendant named in the complaint and would involve the court's interference with the management of the prison in

which Paschal is now confined."); Scarbrough v. Evans, No.19-CV-0850, 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (denying motion for preliminary injunction that alleged the use of excessive force and denial of medical care by non-parties where the complaint alleged denial of mental health care and proper conditions of confinement); Lewis v. Johnston, No. 08-CV-0482, 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged different wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007).

An injunction binds the named parties; their officers, agents, and employees acting in that capacity; and those "who are in active concert of participation" with the enjoined parties. Fed R. Civ. P. 65(d)(2). Plaintiff has not alleged that Downer—the only remaining defendant in this case—is involved in Plaintiff's medical treatment at Sullivan Correctional Facility, including whether he is scheduled or approved for medical scans. See Prelim. Inj. Mot. at 10 (naming non-defendant individuals who oversee treatment at Sullivan Correctional Facility). Even if those responsible for Plaintiff's medical care at Sullivan Correctional Facility were "in active concert" with supervisors within DOCCS, those defendants have been dismissed from the underlying action pursuant to the adoption of the Report and Recommendation. Additionally, Plaintiff has not sufficiently alleged that the medical professionals responsible for his current care are acting in concert with Downer. See id. at 9. Since the Court cannot provide injunctive relief against those not linked to the underlying action under Rule 65(d)(2), Plaintiff is not entitled to injunctive relief against those who currently have the responsibility to schedule him for needed scans.

Considering this, Plaintiff's Preliminary Injunction Motion is denied. However, Plaintiff may file an amended complaint adding any defendants involved in his ongoing treatment and, after so doing, renew his pursuit of injunctive relief with a detailed record showing that he is likely to suffer imminent, irreparable harm in the absence of such relief and that any officials causing such harm did so with deliberate indifference.

Although it is denying Plaintiff's Preliminary Injunction Motion, the Court does note that Plaintiff appears to have been approved for these scans for some time and has not yet received them. See id. at 4. The Court thus directs Defendant to file a status report by no later than December 13, 2023, explaining, to the best of her knowledge, whether Plaintiff has received the care requested in their Preliminary Injunction Motion.

V.   **CONCLUSION**

Accordingly, it is hereby:

**ORDERED,** that the Report and Recommendation (Dkt. No. 20) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion to Dismiss be **GRANTED in part and DENIED in part**; and it is further

**ORDERED,** that Defendants Motion to Dismiss be **GRANTED**, and the Plaintiff's Complaint **DISMISSED without prejudice** as to Defendants Bayne, Uhler, and Morley. If Plaintiff wishes to file an amended complaint, he must do so within **forty-five (45) days** of this Memorandum-Decision and Order; and it is further

**ORDERED,** that Defendants' Motion to Dismiss be **DENIED** as to Defendant Downer; and it is further

**ORDERED,** that Plaintiff's Motion for Preliminary Injunctive Relief (Dkt. No. 22) be **DENIED without prejudice**; and it is further

**ORDERED,** that Plaintiff may refile an amended complaint with leave to add additional defendants involved in his treatment at Sullivan Correctional Facility; and it is further

**ORDERED,** that Defendant provide a status report by no later than December 13, 2023, explaining, to the best of her knowledge, the status of the medical treatment sought by Plaintiff; and it is further

**ORDERED,** that the Clerk shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   November 27, 2023
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge