UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ATIQ WESTON,

                              Plaintiff,

-against-                                         9:22-CV-621 (LEK/CFH)

C. BAYNE *et. al.*,

                              Defendants.

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Atiq Weston filed this action pursuant to 42 U.S.C. § 1983 against Defendants Upstate Correctional Facility ("Upstate C.F.") Incarcerated Grievance Program Supervisor ("IGPS") Bayne; Upstate C.F. Superintendent Donald G. Uhler, Central Office Review Committee ("CORC") Members, Upstate C.F. Nurse Administrator V. Downer, and New York State Department of Corrections Chief Medical Officer ("CMO") John Morley, asserting violations of Weston's constitutional rights. Dkt. No. 1 ("Complaint").

The Court assessed the sufficiency of Plaintiff's complaint under 28 U.S.C. § 1915A, dismissing Plaintiff's claims with respect to the "unnamed CORC members", while allowing his claims towards Bayne, Uhler, Downer, and Morley to survive. *See* Dkt. No. 8 ("January 2023 Order") at 12. Defendants Bayne, Downer, Morley, and Uhler then followed a Motion to Dismiss, Dkt. No. 15, and Plaintiff filed a response. Dkt. No. 17. On June, 28, 2023, Judge Katz issued a Report and Recommendation, recommending that the Court grant Defendants' Motion to Dismiss as to Defendants Bayne, Morley, and Uhler, and to deny as to Defendant Downer.

Dkt. No. 20 at 10–15. The Court adopted Judge Baxters's Report and Recommendation in its entirety. Dkt. No. 25 at 5.

On October 7, 2024, Plaintiff filed a motion for summary judgment. Dkt. No. 51 ("Plaintiff's Motion"). On December 23, 2024, Defendant Downer filed also filed a Motion for Summary Judgment. Dkt. No. 57 ("Defendant's Motion"). Plaintiff filed a response, Dkt. No. 59, and Defendant Downer filed a reply, Dkt. No. 60.

On April, 10, 2025, Judge Katz issued a Report and Recommendation, recommending that Plaintiff's Motion be dismissed in its entirety, Defendant's Motion be granted in its entirety, and Plaintiff's amended complaint be dismissed with prejudice. Dkt. No. 63 at 8–21 ("Report and Recommendation") Plaintiff timely filed objections. Dkt. No. 64 ("Objections").

The Court adopts the Report and Recommendation in part for the reasons discussed below.

## II.   BACKGROUND

The Court assumes familiarity with the factual and procedural background detailed in the Report and Recommendation. R. & R. 1–5.

## III.   LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); *see also* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the Local Rules. *See* L.R. 72.1. 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court

> shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C). When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406 (emphasis in original).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Councils. of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

"The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" *DiPilato*, 662 F. Supp. 2d at 340 (emphasis in original) (quoting *Milano v. Astrue*, No. 05-CV-6527, 2008 WL 4410131, at *24 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior

argument." *DiPilato*, 662 F. Supp. 2d at 340 (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

## IV.   DISCUSSION

Plaintiff makes four objections to Judge Katz's Report and Recommendation: (1) Judge Katz "erroneously determined that [Defendant] Downer . . . can not be held to have 'Personal Involvement'"; (2) that Judge Katz erred in determining that Plaintiff " cannot establish deliberate indifference"; (3) that Judge Katz's erroneously found Defendant's conduct towards Plaintiff to be covered by qualified immunity; and (4) Judge Katz failed to recognize that Plaintiff responded "to the Defendants Statement of Material Facts". Obj. at 1–8.

The Court will address each of Plaintiff's objections in turn.

### A.   Personal Involvement

In his Motion , Plaintiff averred that Defendant Downer was personally involved in the deprivation of his constitutional rights because: (a) she interviewed him and personally assured him that he would see a medical provider; and (b) was responsible to document his medical issues and refer him to a provider. Plaintiff's Mot. at 6–7.

In the Report and Recommendation, Judge Katz found that Plaintiff had not sufficiently established personal involvement on the part of Defendant Downer. R. & R. at 11–15. Judge Katz reasoned that because Downer was "only investigating, [she] was not personally involved in the alleged constitutional violation". *Id.* at 13. He further stated that "Plaintiff's contention that Defendant Downer was personally involved in the constitutional violation because she interviewed him is wrong." *Id.*

Moreover, Judge Katz also addressed Plaintiff's arguments pertaining to Defendant Downer's responsibilities as a Nurse. *Id.* at 14. He found that as a matter of law that "a nurse

4

administrator's failure to refer an incarcerated person to a sick call is insufficient to create personal involvement." *Id.* (citing *Ruggiero v. Canfield*, No. 14-CV-307, 2017 WL 9485692 at *9 (W.D.N.Y. Mar. 23, 2017), *report and recommendation adopted*, No. 14-CV-307, 2017 WL 5152178 (W.D.N.Y. Nov. 7, 2017). He also noted that Defendant Downer's "statement of reassurance cannot reasonably be construed as a decision to take on responsibilities outside her role." *Id.* at 15.

In his Objections, Plaintiff brings the same claims that Judge Katz considered in his Report and Recommendation: that Defendant Downing was personally involved because she (a) "personally conducted two (2) in-person [investigations] of the Plaintiff, confirm[ing] the seriousness of his medical conditions"; and (b) "promised medical care and then completely failed to uphold her medical obligations." Obj. at 3. Plaintiff's first objection therefore does not trigger *de novo* review, and the Court will review it for clear error. *See Wentzel v. Pliler*, No. 21-CV-9245, 2023 WL 5183144, at *2 (S.D.N.Y. Aug. 11, 2023).

After carefully reviewing the relevant findings in this action, including Magistrate Judge Katz's thoughtful and well-considered Report and Recommendation, and Plaintiff's response, the Court finds no clear error in the Report and Recommendation with respect to Plaintiff's first objection.

### B. Deliberate Indifference

Plaintiff also objects to Judge Katz's recommending that the Court find that Plaintiff "cannot establish deliberate indifference." Obj. at 5–6. Judge Katz reasoned that "a three-month delay where [Plaintiff] cannot show that his condition worsened [was] insufficient to support Plaintiff's deliberate indifference argument. R. & R. at 19.

5

Plaintiff's objection is principally with the facts that Judge Katz relied on in the Report and Recommendation. Obj. at 5–6; R. & R. at 19–20. For instance, he objects to the characterization of the in-cell screening as part of a medical treatment process. Obj. at 6. He also objects to the timeline under which he was denied care, arguing that it was seven months and not three months. *Id.* The Court views this as a specific objection, and will review it *de novo*.

In the Report and Recommendation Judge Katz found that: (1) assuming Defendant's SOMF was admitted as true, the seven month delay is not supported by the record; (2) a three month delay, without evidence of a worsening condition, is insufficient to support a deliberate medical indifference claim; and (3) there is no evidence that "prove Defendant Downer was aware of [Plaintiff's] cervical spondylosis or ignored his pleas." R. & R. at 18–19.

After reviewing the Report and Recommendation, as well as Plaintiff's and Defendant's filings the Court agrees with Judge Katz's conclusion that Plaintiff had not made out a medical indifference claim against Defendant. The argument Defendant raised in this objection is well taken, but it does not persuade the Court that an error was made by the magistrate Judge. Indeed, the Court does not find any indication that Judge Katz overlooked any of Plaintiff's allegations. Also, the Court does not find that Plaintiff's novel characterization of his treatment, and the time period for which he was allegedly not treated would "render erroneous" Judge Katz's conclusion that Plaintiff had not made out a medical indifference claim.

Accordingly, the Court does not find error in the Report and Recommendation with respect to Plaintiff's second objection.

### C. Qualified Immunity

Next, Plaintiff argues that Judge Katz's recommendation that "Defendants actions and/or omissions are shielded by the protections of qualified immunity" are "legally insufficient." Obj.

6

at 7. The Court understands Plaintiff to have raised a specific objection, and the issue will therefore be reviewed *de novo*. 28 U.S.C. § 636(b)(1).

After reviewing the Report and Recommendation, the Court finds Plaintiff's objection to be unavailing. Contra to Plaintiff's statement in his objection, Judge Katz did not hold that qualified immunity shielded Defendant from liability. *See* R. & R. at 20–21. Rather, he found it "unnecessary to reach [Defendant's] qualified immunity argument" as Judge Katz recommended the Court to find "that Defendant Downer's cross-motion for summary judgment be granted on other grounds." *Id.* The Court has reviewed the Report and Recommendation pertaining to Plaintiff's Eighth Amendment claims and finds that Judge Katz's analysis on that point is correct, and well-articulated. *See* R. & R. at 5–19.

As a result, the Court finds that Judge Katz's recommendation on qualified immunity survives *de novo* review.

### D. Statement of Material Facts

Plaintiff in their Objections finally avers that Judge Katz erred in finding that Plaintiff had failed to submit a Statement of Material Facts. Obj. at 7. The Court understands Plaintiff to have raised a specific objection, and the issue will therefore be reviewed *de novo*. 28 U.S.C. § 636(b)(1).

In the Report and Recommendation, Judge Katz found that after "the Court notified Plaintiff of the consequences of failing to respond to Defendant's [Statement of Material Facts] . . . Plaintiff did not respond". R. & R. at 10. Plaintiff objected arguing that he "submitted a 4 Page . . . Reply to Defendants Statement of Material Facts". Obj. at 7.

Upon reviewing the Report and Recommendation and all of the relevant materials, the Court finds that Judge Katz was incorrect in recommending that Defendant's Statement of

7

Materials Facts be admitted as true. Local Rule 7.1(b)(3) requires that any "motion for summary judgment shall include a statement of Material Facts, and any opposition shall contain a response to the Statement of Material Facts." L.R. 7.1(b)(3). The Court finds that Plaintiff submitted a statement of Material Facts, *see* Dkt. No. 59, and therefore Judge Katz was incorrect to find that he had consented to Defendant's version of his SOMF.

However, in assessing the Statement of Material Facts, and Judge Katz's analysis the Court finds that the omission of Plaintiff's Statement of Material Facts did not have an impact on the outcome of this case. Judge Katz's analysis in dismissing Plaintiff's claims did not rely on the material facts that Plaintiff objected to in his response to Defendants SOMF. *See* Pla. SOMF 1–4; R. & R. at 2–20.

Accordingly, the Court finds that Judge Katz's recommendations concerning the dismissal of Plaintiff's motion for Summary Judgment remains correct.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 63, is **ADOPTED** in part, and it is further.

 **ORDERED,** that Plaintiffs motion for summary judgment, Dkt. 51, is **DENIED IN ITS ENTIRETY WITH PREJUDICE**, and it is further,

**ORDERED** that Defendant Downer's cross-motion for summary judgment, Dkt. 57, is **GRANTED IN ITS ENTIRETY**, and it is further,

**ORDERED** that Plaintiff's amended complaint, Dkt. No. 1-1, is **DISMISSED IN ITS ENTIRETY WITH PREJUDICE**, and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  September 30, 2025
        Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge